UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA T. BROWN,

    Plaintiff,                           CIVIL ACTION NO. 07-14473
v.                                   DISTRICT JUDGE PAUL V. GADOLA
                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on August 24, 2004, alleging that she had been disabled and unable to work since January 24, 2003, at age 41, due to severe back pain and mental depression. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on May 10, 2007, before Administrative Law Judge (ALJ) Peter N. Dowd. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge also restricted claimant from jobs that would expose her to moving machinery or unprotected heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary

Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 44 years old at the time of the administrative hearing (TR 483). She had been graduated from high school, and had been employed as a fitness instructor, health and safety teacher and daily activity aide (TR 60, 64). As a daily activity instructor for retarded adults, Plaintiff had to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 61). Claimant stopped working in July 2003, after injuring her back[1] (TR 488).

Plaintiff alleged that she was disabled as a result of radiating back pain (TR 495-496). Despite physical therapy and epidural spinal injections, Plaintiff doubted that she could return to work due to severe back pain (TR 495). She remained capable of shopping, cooking, housekeeping, socializing and doing her laundry (TR 502-506). Medications provided some pain relief, but Plaintiff was reluctant to take drugs for fear of becoming dependent on the them (TR 501). Plaintiff had to lie down several times a day in order to get any pain relief (TR 496). She was allegedly unable to sit or stand for prolonged periods (TR 500). Plaintiff estimated that she could lift about 10 pounds (TR 499). The claimant denied having any mental problems, but later said that she sometimes cried during the day (TR 496, 512).

A Vocational Expert, Mary Williams, classified Plaintiff's past work as light to medium, semi-skilled activity, which did not impart any transferable skills (TR 517-518). The

---

[1]Plaintiff redeemed a workers' compensation claim for 52,000 in January 2005 (TR 486).

**2**

witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 522). If she were capable of sedentary work, however, there were numerous unskilled inspection, surveillance monitor and informational clerk jobs that she could still perform with minimal vocational adjustment (TR 521). These simple, routine jobs allowed a sit-stand option and did not expose workers to moving machinery or unprotected heights (TR 520).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic low back pain, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain prevented her from working at jobs requiring her to sit or stand for prolonged periods, and from work involving frequent crouching, crawling, stooping, climbing or balancing. The Law Judge also restricted claimant from jobs that would expose her to moving machinery or unprotected heights. Nevertheless, the Law Judge found that Ms. Brown retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the

---

[2]The witness testified that claimant's alleged need to take one day a week off from work due to her back pain would preclude all work activity (TR 522).

proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record[3] did not confirm the disabling nature of her back pain.

---

[3]In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the

**4**

DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ erred by failing to incorporate any mental limitations into his hypothetical to the Vocational Expert. The ALJ properly evaluated the severity of claimant's allegations of depression and anxiety before finding that neither condition was severe enough to interfere with her ability to perform basic work activities (TR 18). Given Plaintiff's testimony, substantial evidence supported the Law Judge's determination that she had only mild limitations in activities of daily living, social functioning and ability to concentrate.

Plaintiff told that the ALJ that she did not believe she suffered from any mental impairment (TR 496). Relating her activities of daily living, the claimant admitted that she was able to care for her personal needs, perform household chores, make dinner, go grocery shopping and care for her dog (TR 502). She also acknowledged that she got along with her friends and family and enjoyed talking to them on the telephone (TR 503, 506). The fact that the claimant handled the household finances and used a computer on a regular basis (TR 503-504) stands in sharp contrast to her allegation that she suffered from a complete inability to concentrate, and undermines any suggestion that she was totally disabled by mental difficulties.

A review of the medical record disclosed that Plaintiff has never sought treatment from a psychiatrist or psychologist for depression (TR 466). At the close of the administrative hearing, the Law Judge specifically told claimant's attorney that he needed

---

evidence Plaintiff submitted to the Appeals Council (TR 468-473) was not considered by the undersigned.

"medical evidence from treating sources to establish a mental impairment." (TR 526). However, no additional medical records were submitted to the ALJ detailing treatment for emotional problems. Consequently, the Law Judge could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from alleged mental impairments were not fully credible.

Plaintiff relies heavily upon the fact that Dr. James Walker, a treating physician, indicated in April 2007, that back pain would prevent claimant from working more than 80 hours (out of 160 total) in a typical month (TR 467). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Walker offered little objective evidence to support his RFC evaluation[4], his opinion need not have been given any special weight. Miller v. Secretary,

---

[4]The ALJ expressed concern about the lack of medical documentation to support the disability opinion (TR 21). Given the lack of clinical findings or progress notes, it is impossible to determine why Dr. Walker thought that Plaintiff could sit for an unspecified amount of time, but could only stand for 30 minutes (TR 467). The treating physician's opinion that claimant would not be able to work more than 50 percent of the time is altogether arbitrary and without clinical corroboration. The disability opinion of the treating doctor stands in stark contrast to the April 2004, examination of an orthopedic specialist, Dr. Weingarden, who opined that claimant's back condition required conservative treatment and would not prevent her from returning to her past work as a work-activity counselor (TR 326-327). Indeed, it appears that Dr. Walker's opinion, made on a form report, was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that allowed a sit-stand option. The Law Judge further restricted claimant from jobs that required frequent crouching, crawling, stooping, climbing or balancing, or which involved exposure to moving machinery or unprotected heights.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions

that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled inspection, surveillance monitor and informational clerk jobs that she could still perform with minimal vocational adjustment (TR 521). These simple, routine jobs allowed a sit-stand option and did not expose workers to moving machinery or unprotected heights (TR 520). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: June 11, 2008

_____

## CERTIFICATE OF SERVICE

     I hereby certify on June 11, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 11, 2008. **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217